## J. B. ARMSTRONG v. SOUTHERN EXPRESS CO.

PROMISSORY NOTE. *Illegal consideration. Compounding a felony, What not.*
A note was executed to secure the payment of money supposed to
have been embezzled by the maker thereof, resulting in his release
from arrest at the instance of the prosecutor, and the security after-
wards resisted payment, attacking the consideration of the note as
illegal, and contrary to public policy.

*Held*, that the recovery of the money lost was the consideration of the
note, and not the discharge of the maker from arrest; and though
the latter might follow, as an incident of the settlement, it could not
taint the transaction with illegality.

### FROM WARREN.

Appeal from the Chancery Court.    B. M. TILL-
MAN, Chancellor.

JONES and CLIFT for Southern Express Company.

MURRAY and SPURLOCK for Armstrong.

FREEMAN, J., delivered the opinion of the Court.

This bill is filed by Armstrong, mainly on the ground
that the note was given and accepted in consideration
of compounding a felony.   The facts may be briefly
stated as follows: One Cain had been agent of the
Express Company at McMinnville.   A package of
money shipped to parties in the city of Nashville, had
failed to reach its destination.   He failed satisfactorily
to account for it when called on by the Superintend-
ent, and was arrested on suspicion of having embez-

zled it. He claimed it had been stolen from him. His friends seemed to have believed this to be true; among them was Armstrong, the complainant. Upon receiving indemnity in the way of property delivered to him, and a deed of trust on land, Armstrong went security on a note given by Cain, for the sum of $500, the amount of money unaccounted for. There was no contract or agreement, that the note should be given in consideration of dismissal of the prosecution. It was given by Armstrong, because of his interest in the young man and his family, no doubt expecting, that, by securing the money unaccounted for, the matter would be dropped; but still no contract for this. The note really is shown to have been given simply to reimburse the loss of the Company, caused either by the criminal or careless conduct of Cain, the agent. The Company had the right to this indemnity, and a note by Cain would have certainly been binding on him, under the circumstances. It is equally obligatory on his surety. We think it clear the Chancellor held correctly, that the proof fails to sustain the bill of complainant, and dismissed his bill.

We affirm his decree with costs.